IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GAGHAN MECHANICAL, INC.<br>5649D General Washington Drive<br>Alexandria, Virginia 22312<br><br>    Plaintiff,<br><br>v.<br><br>PENNSYLVANIA NATIONAL MUTUAL<br>CASUALTY INSURANCE COMPANY<br>Two North Second Street<br>Harrisburg, Pennsylvania 17101<br><br>    Serve: **CT Corp. Systems**<br>          **1015 15th St., N.W., Suite 1000**<br>          **Washington, D.C. 20005**<br><br>    Defendant. | Case No. _____ |

## COMPLAINT

COMES NOW, Plaintiff GAGHAN MECHANICAL, INC. ("Gaghan"), by counsel, and for its Complaint against Defendant PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY ("Penn National") states as follows.

### The Parties

1. Plaintiff Gaghan is a Virginia corporation with its principal place of business in Alexandria, Virginia. At all relevant times, Gaghan was engaged in the business of Heating, Ventilation, and Air Conditioning ("HVAC") systems installations and repair.

1

2.     Defendant Penn National is a Pennsylvania corporation with its principal place of business in Harrisburg, Pennsylvania. At all relevant times, Penn National was engaged in the business of providing surety bonds for construction projects.

### Jurisdiction and Venue

3.     Jurisdiction of this action is conferred by 28 U.S.C. §1332 as the parties to this action are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

4.     Penn National contracted as a surety to bond the construction project located in the District of Columbia, and the claim or cause of action referenced herein occurred in whole or in part within the District of Columbia.

### Factual Allegations

5.     On or about September 19, 2016, Gaghan entered an agreement with Akian, Inc. ("Akian") wherein Gaghan agreed to provide certain labor, materials and/or services for a construction project known as Construction of the 4th Floor Secure Room at the GAO HQ building Task Order 05, located at the United States Government Accountability Office, 441 G Street, N.W., Washington, D.C. 20548 (hereinafter the "Project") in exchange for payment from Akian (hereinafter the "Agreement").

6.     Penn National, as surety, provided a Subcontract Labor and Material Bond (the "Payment Bond") for the Project on behalf of Akian as principal. A true and correct copy of the Payment Bond is attached hereto and incorporated herein by reference as Exhibit "A." The Payment Bond identifies Akian as the Principal, and EMCOR Government Services, 2800 Crystal Drive, Suite 600, Arlington, Virginia ("EMCOR") at the oblige.

7. Gaghan performed its work and provided labor and materials to the Project at the insistence and direction of Akian.

8. Gaghan has performed in accordance with the terms and conditions of the Agreement, and in a timely, efficient and workmanlike manner.

9. Gaghan invoiced Akian for the work, labor and materials that Gaghan provided to the Project in accordance with the Agreement, but Akian failed to make any payment to Gaghan.

10. When Gaghan attempted to schedule the final item of its work on the Project, EMCOR notified Gaghan that Akian had been removed from the Project and that its Surety Penn National would be completing Akian's work.

11. The work, labor and materials that Gaghan has provided to the Project for which it has not received payment from Akian has a reasonable value of not less than $88,578.00.

12. Gaghan is a proper claimant under the terms of the Payment Bond and is entitled to recovery pursuant to the terms of the Payment Bond.

13. Gaghan notified Penn National, Akian and EMCOR of Akian's failure to make payment to Gaghan, and requested that Penn National, in accordance with the Payment Bond, make payment to Gaghan.

14. Penn National has failed to make payment to Gaghan pursuant to the Payment Bond.

15. Penn National has breached the Payment Bond by failing and/or refusing to make payment to Gaghan pursuant to the Payment Bond.

16. As a direct, proximate and foreseeable result of Penn National's breach, Gaghan has incurred and sustained loss, costs and damages in the amount of at least $88,578.00.

17.     Gaghan has complied with all of its obligations under the terms of the Payment Bond and has satisfied all conditions to the maintenance of this action, unless otherwise waived by Penn National.

WHEREFORE, Gaghan Mechanical, Inc. demands judgment in its favor and against Pennsylvania National Mutual Casualty Insurance Company in the amount of at least $88,578.00, plus pre-judgment and post-judgment interest, its costs of suit herein, and for such other and further relief as this Court deems just and appropriate.

Respectfully submitted,

GAGHAN MECHANICAL, INC.,
By Counsel

_____/s/_____
Gina L. Schaecher (Bar. No. 474018)
REES BROOME, P.C.
1900 Gallows Road, Suite 700
Tysons Corner, Virginia 22182
(7030 790-1911 – Telephone
(703) 848-2530 – Facsimile
Email: gschaecher@reesbroome.com
*Counsel for Plaintiff Gaghan Mechanical, Inc.*

# EXHIBIT "A"

# PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY
Harrisburg, Pennsylvania

Bond No. SB 0373983

## SUBCONTRACT LABOR AND MATERIAL PAYMENT BOND

KNOW ALL MEN BY THESE PRESENTS: That Akian, Inc.
1012 Lafayette Boulevard
Fredericksburg, VA 22401 , as Principal

and PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, Surety, are held and firmly bound unto **EMCOR Government Services**
**2800 Crystal Drive, Suite 600, Arlington VA 22202** , as Obligee,
in the sum of Four Hundred Sixteen Thousand Seven Hundred Eighty-Two and 00/100 Dollars ($416,782.00), for the payment of which we bind ourselves, our legal representatives, successors and assigns, jointly and severally, firmly by these presents.

WHEREAS, Principal has by written agreement dated September 1, 2016
Entered into a subcontract with Obligee for Subcontract No.: GAO-I-009, U.S. General Accountability Office (GAO); Construct Secure Room on 4th Floor

in accordance with drawings and specifications prepared by

which subcontract is by reference made a part hereof, and is hereinafter referred to as the subcontract.

NOW, THEREFORE, if Principal shall promptly make payment either directly or indirectly to all claimants as hereinafter defined, for all labor and material used or reasonably required for use in the performance of the subcontract, then this obligation shall be null and void and the Surety shall have no obligation under this bond; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

(1) A claimant is defined as one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the subcontract.

(2) The above named Principal and Surety hereby jointly and severally agree with Obligee that every claimant as herein defined, who has not been paid in full before the expiration of a period of ninety (90) days after the date on which the last of such claimant's work or labor was done or performed, or materials were furnished by such claimant, may sue on this bond for the use of such claimant, prosecute the suit to final judgment for such sum or sums as may be justly due claimant, and have execution thereon. Obligee shall not be liable for the payment of any costs or expenses of any such suit.

(3) No suit or action shall be commenced hereunder by any claimant,

(a) Unless Claimant, shall have given written notice to all three (3) of the following: the Principal, the Surety, and the Obligee above named within 90 days after such Claimant did or performed the work, labor or furnished the materials for which said claim is made, stating with substantial accuracy the amount claimed, the name of the party to whom the materials were furnished or for whom the work or labor was done or performed. Such notice shall be served by mailing the same by registered mail or certified mail addressed to the Principal, Surety and Obligee, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the State in which the project is located, save that such service need not be made by a public officer.

(b) After the expiration of one (1) year following the date on which claimant ceased work on said subcontract it being understood, that the 90 day payment period in Paragraph (2) herein is included within the one (1) year filing period and does not toll or otherwise delay the running of the one (1) year suit limitation provision. If any limitation embodied in this bond is prohibited by any law controlling the construction hereof such limitation shall be deemed to be amended so as to be equal to the minimum period of limitation permitted by such law.

(c) Other than in a state court of competent jurisdiction in and for the county or other political subdivision of the state in which the project, or any part thereof, is situated, or in the United States District Court for the district in which the project, or any part thereof, is situated, and not elsewhere.

(4) The Surety's total obligation shall not exceed the amount of this bond and the amount of this bond shall be reduced by and to the extent of any payment or payments made in good faith hereunder, inclusive of the payment by Surety of Mechanic's liens which may be filed of record against said improvement, whether or not claim for the amount of such lien be presented under and against this bond.

(5) The Surety shall not be liable to the Obligee, Claimants or others for obligations of the Principal that are unrelated to the subcontract and no right of action shall accrue on this bond for any consequential or indirect loss of any kind, including, but not limited to, extra-contractual damages, attorney fees, interest and delay damages.

(6) When this bond has been furnished to comply with a statutory or other legal requirement in the location where the construction was to be performed, any provision in this bond complicating with said statutory or other legal requirement shall be deemed incorporated herein. The intent is that this bond shall be construed as a statutory bond and not as a common law bond.

Signed, Sealed, and Dated on September 7, 2016

Akian, Inc.

By: _____ (Seal)
, Principal

PENNSYLVANIA NATIONAL MUTUAL
CASUALTY INSURANCE COMPANY

By: _____
Catherine M. Mathews, Attorney-In-Fact

Form 78-0253 rev 7/2006

# PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY
### Harrisburg, Pennsylvania

1485

## POWER OF ATTORNEY

Know All Men By these Presents, That PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, a corporation of the Commonwealth of Pennsylvania, does hereby make, constitute and appoint ANTHONY J. PUNG AND CATHERINE M. MATHEWS, BOTH OF COLUMBIA, MARYLAND (EACH) its true and lawful Attorney(s)-in-Fact to make, execute, seal and deliver for and on its behalf, as surety, as its act and deed:

ANY AND ALL BONDS AND UNDERTAKINGS PROVIDED THE AMOUNT OF NO ONE BOND OR UNDERTAKING EXCEEDS THE SUM OF THREE MILLION DOLLARS - - - - - - - - - - - - - - ($3,000,000.00) ALL POWER AND AUTHORITY HEREBY CONFERRED SHALL HEREBY EXPIRE AND TERMINATE WITHOUT NOTICE AT MIDNIGHT ON AUGUST 31, 2023, AS RESPECTS EXECUTION SUBSEQUENT THERETO.

And the execution of such bonds in pursuance of these presents shall be as binding upon said Company as fully and amply, to all intents and purposes, as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its office in Harrisburg, Pennsylvania, in their own proper persons.

This appointment is made by and under the authorization of a resolution adopted by the Board of Directors of the Company on October 24, 1973 at Harrisburg, Pennsylvania which is shown below and is now in full force and effect:

RESOLVED, that (1) the President, any Vice President, the Secretary, or any Department Secretary shall have power to appoint, and to revoke the appointments of, Attorneys-in-Fact or agents with power and authority as defined or limited in their respective powers of attorney, and to execute on behalf of the Company, and affix the Company's seal thereto, bonds, undertakings, recognizance's, contracts of indemnity and other written obligations in the nature thereof or related thereto; and (2) any of such Officers of the Company may appoint and revoke the appointments of joint-control custodians, agents for acceptance of process, and Attorneys-in-Fact with authority to execute waivers and consents on behalf of the Company; and (3) the signature of any such Officer or of any Assistant Secretary or Department Assistant Secretary and the Company seal may be affixed by facsimile to any power of attorney or certification given for the execution of any bond, undertaking, recognizance, contract of indemnity or other written obligation in the nature thereof or related thereto, such signature and seal when so used whether heretofore or hereafter, being hereby adopted by the Company as the original signature of such Officer and the original seal of the Company, to be valid and binding upon the Company with the same force and effect as though manually affixed.

In Witness Whereof, PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY has caused these presents to be signed and its corporate seal to be hereto affixed on August 20, 2013.

PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY



Mark Fitzgerald, Vice President – Surety

Commonwealth of Pennsylvania, County of Dauphin -- ss:

On August 20, 2013, before me appeared Mark Fitzgerald to me personally known, who being by me duly sworn, did say that he resides in the New Jersey, that he is the Vice President – Surety of PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, that he is the individual described in and who executed the preceding instrument, and that the seal affixed to said instrument is the corporate seal of said Company, and that said instrument was signed and sealed on behalf of said Company by authority and direction of said Company, and the said office acknowledged said instrument to be the free act and deed of said Company.



COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Traci A Kimmich, Notary Public
City Of Harrisburg, Dauphin County
My Commission Expires Oct 31, 2016
Member, Pennsylvania Association of Notaries

Traci A. Kimmich
Notary Public

I, Mark Fitzgerald, Vice President – Surety of the PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, a corporation of the Commonwealth of Pennsylvania, do hereby certify that the above and foregoing is a true and correct copy of a Power of Attorney, executed by the said Company, which is still in full force and effect.

In Witness Whereof, I have hereunto set my hand and affixed the corporate seal of said Company on September 7, 2016

Vice President – Surety

78-190e (Rev 10/2012)